IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL M. GROSS                    *

        Plaintiff            *

        vs.                  *    CIVIL ACTION NO. MJG-01-3203

DAIMLERCHRYSLER CORPORATION,        *
et al.
        Defendants           *

*       *       *       *       *       *       *       *       *

## MEMORANDUM AND ORDER

The Court has before it the Motion of Plaintiff, Darrell M. Gross, for Leave to File an Amended Complaint and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On October 29, 2001, Plaintiff Darrell M. Gross filed this lawsuit alleging that on December 23, 2000, the engine of his 1995 Dodge Intrepid ES motor vehicle ("the Dodge") ignited due to a defect in the electrical cable harness system. He sued Defendant DaimlerChrysler Corporation[1] for injuries caused by the fire on a strict liability theory.

---

[1] He also sued DaimlerChrysler Motors Corporation, but, by the instant motion, seeks to dismiss all claims against this Defendant. Accordingly, herein the Court shall refer to DaimlerChrysler Corporation as the only Defendant.



On November 21, 2001, the Court issued the Scheduling Order, which, among other things, set a deadline of January 11, 2002 for the amendment of pleadings. By the instant motion, filed October 9, 2002, some nine months after the deadline to do so, Plaintiff seeks leave to amend the Complaint to assert an alternative theory of recovery.[2]

Plaintiff, perhaps understandably, presents a very skeletal statement of facts in the Complaint. He states that he was "asleep as an occupant" in the Dodge when the vehicle fire started. Complaint ¶ 8. In the Opposition, Defendants state that Plaintiff came to be asleep in the Dodge "after a night of holiday drinking - [Plaintiff] drove home, parked his car in front of his house, left the engine running and passed out in the driver's seat." Def. Opp. At 1. Plaintiff does not directly dispute Defendant's "spin" on the facts, but simply asserts that Plaintiff had worked until midnight without reference to what Plaintiff may have imbibed during or after working hours. Pl. Reply at 2. Plaintiff does not even address Defendant's assertion that the next morning, after being taken to the

---

[2] Plaintiff also seeks to dismiss claims against one of the originally named Defendants. There is no objection to this dismissal.

hospital, "Plaintiff's blood alcohol level was 0.20 - two times the legal limit in Maryland." Def. Opp. At 2.

Plaintiff's theory of recovery, as set forth in the Complaint, is that the vehicle fire was caused by a "defect in the electrical cable harness system." Complaint ¶ 9. Defendant presented expert witness testimony in support of its position that the fire was not caused by any defect in the electrical cable harness system. Rather, as expressed by Plaintiff, Defendant's experts opined that the fire was caused by overheating of the exhaust manifold due to prolonged idling at elevated engine speeds. Therefore, according to Plaintiff, the vehicle as manufactured was unreasonably dangerous. Amended Complaint, ¶ 18.

As stated by the Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962):

> Rule 15(a) [Federal Rules of Civil procedure] declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.
>
> \* \* \*
>
> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

>    amendment, etc. - the leave sought should, as
>    the rules require, be "freely given."

The decision whether to grant leave to amend is within the discretion of the district court. <u>Zenith Radio Corp. v. Hazletine Research, Inc.</u>, 401 U.S. 321, 330 (1971).

In the instant context, the Court is not passing upon the merits of the proffered alternative theory. The Court is merely deciding whether Plaintiff should be allowed to amend the Complaint after the original deadline in order to present the alternative theory. The Court is well aware of Defendant's legitimate concerns regarding Plaintiff's lack of timeliness. Nevertheless, Plaintiff is not seeking to change his primary theory, but simply seeking to present a secondary, alternative theory whereby he may be able to recover even if the jury were to accept the opinion of Defendant's expert witnesses as to the cause of the fire.

The Court will permit Plaintiff to file the proffered Amended Complaint, but will not permit Plaintiff to expand his time for discovery, or otherwise delay the case. If Defendant should seek leave for it to pursue discovery after the existing deadline in order to address the alternative theory, the Court will be receptive to a reasonable request. Moreover, should Defendant seek further deposition testimony from Plaintiff, his

4

expert witnesses or others, Defendant may take such depositions with Plaintiff, not Defendant, bearing the costs of any such reconvened depositions.

For the foregoing reasons:

1. The Motion of Plaintiff, Darrell M. Gross, for Leave to File an Amended Complaint is GRANTED.

2. The Amended Complaint is accepted for filing on the date of this Order.

3. All claims against Defendant DaimlerChrysler Motors Corporation are DISMISSED WITH PREJUDICE.

4. Defendant DaimlerChrysler Corporation shall file an Answer to the Amended Complaint by November 26, 2002.

   a. There shall be no motion to dismiss the Amended Complaint.

   b. Any grounds for dismissal may be asserted as part of a motion for summary judgment filed pursuant to existing scheduling.

5. Defendant may reconvene the deposition of any deponent to inquire as to matters relevant to Counts II and III of the Amended Complaint.

   a. Plaintiff shall bear the costs, including expert witness fees and court reporter expenses (but excluding legal fees) with respect to any reconvened deposition.

   b. As may be necessary, Defendant may schedule any reconvened deposition after the general discovery deadline.

6. The case shall proceed pursuant to existing scheduling.

SO ORDERED this 12½ day of November, 2002.

_____
Marvin J. Garbis
United States District Judge

5