**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820
MDDAMDChambers@mdd.uscourts.gov

August 25, 2003

MEMORANDUM TO COUNSEL RE:

Gross v. DaimlerChrysler Corp.
Civil No. AMD 01-3203

    I have carefully reviewed the briefing on the outstanding motions in this case recently transferred to my docket. I am available on the following dates for a hearing: September 15 and 16 (all day) and September 29 and 30 (afternoons). Other dates may open up. Please confer with each other and advise me by e-filing on or before September 3 when you would like to appear.

    My preliminary views are as follows:

    (1)    As for the spoliation issue, I do not perceive such bad faith by plaintiff or prejudice to defendant's presentation of its defense as would justify dismissal of the case or exclusion of evidence. I think an instruction to the jury, coupled with any argument defendant might wish to make, will provide an adequate cure for defendant's lack of access to the vehicle prior to its disassembly by plaintiff's experts.

    (2)    As for the merits, I do not understand plaintiff to assert a design defect claim. I think the case gets to the jury, *if at all*, only on the theory of manufacturing defect. I expect to grant the motion for summary judgment as to the failure to warn claim; *inter alia*, it seems obvious that a person with a blood alcohol level exceeding .20 who falls asleep in an idling vehicle has in fact and in law "left the vehicle unattended" within the meaning of that term in the very warning contained in the owner's manual. (Relatedly, I expect to admit evidence, with an appropriate cautionary/limiting instruction, of the level of plaintiff's intoxication.)

    (3)    As for the motion to exclude under Rule 702, I think it's a close call. My tentative view, based on my understanding of what I think Maryland law contemplates, is to rule out Dr. Roby's opinion "to a reasonable degree of engineering probability," etc., but rather, to permit him to point out the *possibilities* of how the fire *could* have started. *See* the indicia of a *circumstantial case* listed in *Harrison* and discussed in my opinion in *Shreve*.

    In any event, I look forward to visiting with you over these issues next month.

Very truly yours,

/s/

Andre M. Davis
United States District Judge

AMD:tt