UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

DARRELL M. GROSS,

        Plaintiff,

        v.

DAIMLERCHRYSLER CORPORATION, et al.

        Defendants

Case No. AMD 01CV3203

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S REPLY
TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DAIMLERCHRYSLER CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

DaimlerChrysler Corporation ("DCC") files this memorandum in reply to Mr. Bacon's letter to the Court dated September 18, 2003.

The statement by DCC's counsel that Dr. Roby and his staff at Combustion Science & Engineering (collectively "CSE") never measured or tested the materials insulating the wires in the wiring harness in plaintiff Mike Gross' 1995 Dodge Intrepid stands unchallenged. CSE never tested an exemplar wiring harness of the type used in Gross' Dodge Intrepid to determine the type and characteristics of the insulating materials and electrical conductors. Nor did CSE ever examine and test an exemplar wiring harness to determine its configuration, routing and packaging within the dashboard compartment.

The "bundle" of wires tested by CSE was a group of wires assembled and taped together by Ms. Ferrino. See Deposition of Richard J. Roby (May 28, 2002) at 69:19-70:6 (relevant portions attached as Exhibit 1). CSE did not replicate the Dodge Intrepid wiring harness in any respect other than by creating a bundle of wires. Further, CSE never attempted to determine the number of wires that bubbled

in the allegedly defective wiring harness, see Roby Dep. at 129:17-129:21, the circuits in which the bubbling wires were located, id. at 130:1-130:21, or to identify the specific component or components which were involved. Id. In the absence of testing of an exemplar wiring harness designed for the 1995 Dodge Intrepid, neither DCC nor a peer reviewer is able to test and duplicate CSE's theory of the cause of the fire.

The plaintiff has cited to portions of Dr. Roby's deposition transcript regarding CSE's knowledge of the insulating materials. It is clear from Dr. Roby's testimony that he is providing generic ranges of values for insulating materials and plastics used in cars generally. Id. at 181:20-182:5 ("Typically for the kinds of materials, the plastics that are involved in this you get spontaneous ignition temperatures that in the – my recollection is 5 to 700 degree Fahrenheit range."). Because he failed to specifically test an exemplar wiring harness, Dr. Roby has not provided nor could he provide specific data for the insulating materials used in Gross' Dodge Intrepid.

Counsel for the plaintiff has attached to his letter to the Court five pages of Dr. Roby's deposition transcript purportedly to establish a manufacturing defect. The cited testimony is nothing more than a res ipsa loquitur argument. It is a rehashing of the arguments made at the hearing on DCC's Motion for Summary Judgment. It is not enough for the plaintiff merely to assert there is some unspecified defect in some unspecified component of the electrical system to survive a Motion for Summary Judgment. As this Court held in Shreve v. Sears, Roebuck & Co., 166 F. Supp. 2d 378, 411 (D. Md. 2001), the plaintiff must produce evidence of a failure to follow specifications or of an improper assembling of the product in order to proceed beyond Summary Judgment. This case lacks even a

scintilla of evidence to support a manufacturing defect and for that reason summary judgment should be entered in DCC's favor.

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: /s/ Margaret E. DiPentima
    James A. Hourihan (Bar No. 02704)
    Margaret E. DiPentima (Bar No. 26027)
    555 Thirteenth Street, N.W.
    Washington, DC  20004
    Tel: (202) 637-5600
    Fax: (202) 637-5910

Attorneys for Defendant DaimlerChrysler Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2003, a copy of the foregoing Defendant DaimlerChrysler Corporation's Reply to Plaintiff's Supplemental Memorandum in Opposition to DaimlerChrysler Corporation's Motion for Summary Judgment was served electronically and/or via first class U.S. Mail, postage prepaid, on:

>Edward C. Bacon
>Bacon, Thornton & Palmer, L.L.P.
>Capital Office Park
>6411 Ivy Lane
>Suite 706
>Greenbelt, MD   20770-1411
>(Attorneys for Plaintiff)

>/s/ Margaret E. DiPentima
>Margaret E. DiPentima